FILED
SUPERIOR COURT
OF GUAM

2018 MAY 14 AM 10: 16

CLERK OF COURT
BY.

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM, | ) | Case No. CM892-98 |
|---|---|---|
| | ) | |
| | ) | |
| | ) | **CORRECTED[1]** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | **REGARDING MOTION TO** |
| POK SUN CHUNG, | ) | **DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**INTRODUCTION**

This matter came before the Honorable Alberto C. Lamorena on January 7, 1999. Defendant Pok Sun Chung ("Defendant") was represented by Attorney Mark S. Smith and the People of Guam are represented by the Office of the Attorney General. Defendant was initially charged with Driving While Under the Influence of Alcohol (as a Misdemeanor). Defendant was issued a citation requiring him to appear at the Superior Court of Guam. In the above case, the charges on the Complaint are the same as those listed on the Citation. On January 4, 1999, Defendant filed a Motion to Dismiss based on grounds that the People failed to comply with the requirements of 8 G.C.A. § 25.30 and charge Defendant prior to the appearance date on the Citation.

---

[1] The original decision issued on January 11, 1999 is being corrected to reflect Defendant's correct name in the case caption. The remainder of the decision is reproduced in its entirety, with minor grammatical corrections.

## DISCUSSION

The Guam Supreme Court in People v. Palomo, 1998 Guam 12, ruled that 8 G.C.A. § 25.30 mandates that action be taken by the People prior to the date stated on the Notice to Appear because that date is a "de facto" statute of limitations. Palomo at ¶ 14. Here, the Complaint was filed after the appearance date on the Citation.

Based upon Palomo, and upon earlier rulings on this issue in People v. Advencena, CM 201-98 (Super. Ct. Guam, September 11, 1998), and People v. Tae Kon Kim, CM 53-97 (Super. Ct. Guam, September 11, 1998), this Court finds that all charges in the Complaint are to be dismissed with prejudice.

## CONCLUSION

This decision is about what charges are to be dismissed as a result of the People having violated 8 G.C.A. § 25.30. Defendant was issued a Citation and Notice to Appear. The Citation creates a *de facto* statute of limitations requiring the People to formally charge the Defendant prior to the date of appearance as stated on the Citation. Failure to do so, according to Palomo, necessitates dismissing any subsequent Complaint in its entirety with prejudice. Thus, the People's Complaint against Defendant is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** on _____ MAY 1 1 2018 _____ *nunc pro tunc* to January 11, 1999.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
courtbox of:

Date: Time:

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**